USAO Rev. 04/24

*Filed in open Court*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal Action No. 25-134 (JLH) |
| ADAN CUEVAS-ARTEAGA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America and the defendant, Adan Cuevas-Arteaga, by and through his attorney, Conor Wilson, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall waive indictment and plead guilty in the United States District Court for the District of Delaware to:  Count One of the Information, which charges the defendant with Possession with Intent to Distribute Cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and Count Two of the Information, which charges the defendant with Illegal Reentry into the United States after Removal, in violation of 8 U.S.C. § 1326(a).

2. The defendant understands that the maximum penalties for Count One are:  20 years of imprisonment; a $1,000,000 fine; a lifetime of supervised release, with a mandatory minimum term of three (3) years; restitution; and a $100 special assessment.

3. The defendants understands that the maximum penalties for Count Two are: two (2) years of imprisonment, a $250,000 fine, one year of supervised release, and a $100 special assessment.

4. The defendant understands that if there were a trial with regard to Count One, the government would have to prove the following elements beyond a reasonable doubt: (1) the defendant possessed a controlled substance; (2) the defendant possessed the controlled substance knowingly or intentionally; (3) the defendant intended to distribute the controlled substance; and (4) the controlled substance was in fact cocaine. The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements of Count One.

5. The defendant understands that if there were a trial with regard to Count Two, the government would have to prove the following elements beyond a reasonable doubt: (1) that the defendant is an alien; (2) the defendant was previously removed from the United States; (3) after removal, the Defendant knowingly returned to and was found in the United States; and (4) the Defendant returned to the United States without the permission of the Secretary of Homeland Security. The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements of Count Two.

6. The defendant is pleading guilty to Counts One and Two because he is, in fact, guilty.

7. Pursuant to Section 6B1.4 of the November 1, 2024, edition of the United States Sentencing Guidelines Manual ("U.S.S.G."), the parties enter into the following stipulations:

2

a. Pursuant to U.S.S.G. § 1B1.3, the scope of the defendant's criminal activity includes over 500 grams of cocaine for a base offense level of 24 at U.S.S.G. § 2D1.1(c)(8) (table).

b. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with the acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense Level pursuant to U.S.S.G. § 3E1.1(a). Further, should it be determined that the defendant's Offense Level is 16 or greater prior to the application of the aforementioned two-level reduction, the United States agrees that the defendant's Offense Level should be reduced by one additional level, pursuant to U.S.S.G. § 3E1.1(b), for a total reduction of three levels.

c. The Government understands that the defendant will contend that he has satisfied the "safety valve" provisions of 18 U.S.C. § 3553(f)(1)-(5) and U.S.S.G. § 5C1.2(a). Based on the information known to the United States at the time of this plea, the Government does not intend to oppose this assertion. If new information becomes available, however, the Government

3

reserves the right to take whatever position on this issue that it deems appropriate.

It is understood and agreed that: (1) the parties are free to argue (except as stated above) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, cross-references, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed.

8. The United States retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the District Court at any subsequent proceeding.

9. The defendant understands that the District Court must consider the United States Sentencing Guidelines, the applicable statutory maximum penalties, and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence that exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing

4

Guidelines, is otherwise different than the defendant expected, or is contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

10. The defendant agrees to forfeit any and all interests in the following: (a) property constituting or derived from proceeds obtained, directly or indirectly, from the violation set forth in Count One, pursuant to 21 U.S.C. § 853; (b) property that in any way facilitated, or was intended to facilitate, the commission of the violation set forth in Count One pursuant to 21 U.S.C. § 853; and (c) any property forfeitable pursuant to 21 U.S.C. § 881 (collectively, "the Property"). The defendant agrees to waive any and all interests in any such Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such Property and waives the requirements of Federal Rule of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the judgment, as well as any applicable deadlines required by 18 U.S.C. § 983(a). The defendant acknowledges that he understands that forfeiture of the Property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case, and the defendant waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure

5

11(b)(1)(J), at the time the guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the defendant will promptly consent to the preliminary order of forfeiture becoming final as to the defendant before sentencing if requested by the government to do so.

11. The defendant recognizes that pleading guilty will have consequences with respect to his immigration status as he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding in a separate court. However, the defendant understands that it is a virtual certainty that his conviction will result in his deportation. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States. By entering into this agreement, the defendant acknowledges that he has discussed with counsel the consequences that his guilty plea may have on his immigration status.

12. In exchange for the promises made by the government in entering this plea agreement, the defendant knows that he has, and voluntarily and expressly waives, the right to appeal or collaterally attack his conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. Notwithstanding the foregoing, the defendant reserves the right to

6

(1) file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel, and (2) appeal his sentence if: (a) the government appeals from the sentence; (b) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code; or (c) the District Court imposes an "upward variance" above the final Sentencing Guideline range that it determines at sentencing.

13. The defendant agrees to pay the $200 special assessment the day of sentencing. Should he fail to do so, or should he have other outstanding financial responsibilities as a result of his plea of guilty to Counts One and Two, the defendant agrees to voluntarily enter the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

14. This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The government routinely files such an attachment, even though it may or may not contain additional terms. To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

15. It is further agreed by the undersigned parties that this Memorandum — together with sealed Attachment A — supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be

7

modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification provisions of this paragraph.

TODD W. BLANCHE
DEPUTY ATTORNEY GENERAL

JULIANNE E. MURRAY
ACTING UNITED STATES ATTORNEY
SPECIAL ATTORNEY

By: _____
    Alexander Ibrahim
    Assistant United States Attorney

_____
Conor Wilson, Esquire
Attorney for Defendant

_____
Adan Cuevas-Arteaga, Defendant

Dated: 11/12/2025

AND NOW, this ___12___ day of ___November___, 2025, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
THE HONORABLE JENNIFER L. HALL
UNITED STATES DISTRICT JUDGE