# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 25-134-JLH |
| | : | |
| ADAN CUEVAS-ARTEAGA, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S SENTENCING MEMORANDUM[1]

Adan grew up in a part of rural Mexico where the two major sources of income were subsistence farming and remittances from family members who had traveled to the United States to work. **Pre-Sentence Report ("PSR") ¶¶ 81-83**. Adan's parents remained in Mexico. As a result, he was raised in a home without a place to cook inside and no running water. As a child, he recalled "occasionally going without shoes." *Id*. His father drank to excess, which led to physical and verbal abuse. However, this behavior was so normalized in Adan's early life that when asked by the interviewing probation officer if he was abused, he reported the facts but concluded that he had suffered no abuse. *Id.* The starkness of that opinion evidences a life

---

[1] As always, undersigned counsel has filed an Attachment A under seal for the Court's review.

of hardship. When he was fourteen, his family sent him to the United States to begin his adolescence of labor.

When most children born in the United States are beginning their freshman year of high school, Adan was laboring on our farms. He lived year-round on an Idaho potato farm, the youngest of the Mexican laborers who worked and slept on the property. He would begin work at 5am year-round. During the off-season, when the workers with papers returned to Mexico, Adan stayed on the farm to perform maintenance tasks through the frigid Idaho winter. By age eighteen he graduated to a Nebraska meat-locker, where he labored for an additional two years. **PSR ¶¶ 84-86**.

It was with this background that he arrived in Delaware twenty-four years ago. He has lived here ever since, accounting for a few brief stays in Mexico after previous removals. His criminal history is minimal, with the only criminal history points coming from a prior immigration related prosecution from 2012. **PSR ¶ 58**. He has never been sentenced to jail time.

It is respectfully requested that this court sentence him to eighteen (18) months incarceration, with an appropriate term of supervised release to follow, accounting for his near certain removal from the United States.

## I. LIFE IN DELAWARE AND OFFENSE CONDUCT

After six hard years of labor in the west and mid-west Adan arrived in Delaware with no connections. Over the past two decades he has built a life with his wife, with whom he shares four teenage and pre-teen children. All the children are United States citizens. When he arrived, he found work in both restaurants and landscaping, but he has spent the last fifteen years in construction. There he earned enough money to support his growing family. **PSR ¶¶ 88, 103-105**.

In 2025, Adan began to struggle. Work slowed down and he became depressed. What had been a recreational habit with cocaine, which he had controlled until then, began to become more frequent. Without a steady income he found himself unable to afford the substance. When his dealer suggested he take a larger quantity and sell the rest to support his habit, he regrettably accepted the offer. What followed were the offenses described in the PSR.

## II. GUIDELINE

The PSR properly sets the sentencing guidelines at thirty to thirty-seven (30-37) months. **PSR ¶ 111.** For the reasons set forth herein a sentence of eighteen (18) months is appropriate.

III. <u>3553(a) SENTENCING FACTORS</u>

When determining an appropriate sentence, this court is guided by the 3553 factors, which are: (1) The nature and circumstances of the offense and the history and characteristics of the defendant; (2) The need for the sentence imposed, including that the sentence provide the defendant with needed training and treatment in the most effective manner; (3) The kinds of sentences available; (4) The kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) Any pertinent policy statement; (6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) The need to provide restitution to any victims of the offense.

An incarceration sentence is appropriate here, but the length of that sentence need not exceed eighteen months. This sentence, coupled with the collateral consequences of now being a felon and near certain removal from the United States, meets the goals of both specific and general deterrence.

His acceptance of responsibility was quick and has been meaningful. He acknowledged his wrongdoing and watched his family struggle during his absence. **PSR ¶ 26**. He has learned of his mother's worsening health and

wants nothing more than to return to Mexico so that he can assist her as she nears the end of her life. **PSR ¶ 79**. He fears that he might not make it.

Under these circumstances eighteen (18) months is a significant sentence for a person who has also lost everything he knew in this country through his actions. It is a sentence that is sufficient to meet the goals of sentencing.

There is no restitution in this matter.

## IV.   CONCLUSION

For the foregoing reasons it is respectfully requested that this court impose a sentence of eighteen (18) months incarceration, with a period of non-reporting supervised release, due to Adan's near certain removal from the United States.

Respectfully submitted,

ELENI KOUSOULIS
Federal Public Defender

Dated: April 6, 2026

/s/ *Conor Wilson*
CONOR WILSON, ESQ.
Assistant Federal Public Defender
800 King Street, Suite 200
Wilmington, DE 19801
(302) 573-6010
de_ecf@fd.org

Attorneys for
Adan Cuevas-Arteaga

5